# United States District Court
# Northern District of Indiana

| | |
|---|---|
| MARVIN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action No. 3:11-CV-375 JVB |
| v. | ) |
| | ) |
| DEPUTY MARVEL, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Marvin Smith, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that he was held in a padded cell and prevented from using the toilet for two hours. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

"In order to state a claim under § 1983, a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Smith alleges that on September 6, 2009, he was held in a padded cell and prevented from using the toilet. He has attached an inmate grievance that he filed the next day complaining about that incident. (ECF 1 at 2.) "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Therefore, the last day to file this claim was September 6, 2011. Smith did not sign this complaint until September 13, 2011. Although that is only a week past the deadline, because this complaint is untimely, it must be dismissed. While the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claim is time barred. *Cancer Foundation, Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on September 22, 2011.

　　　　　　　　　　　　　　　　　　　　s/Joseph S. Van Bokkelen
　　　　　　　　　　　　　　　　　　　　Joseph S. Van Bokkelen
　　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　　Hammond Division